UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

'11 OCT 11 P2:40

FILED
INDICTMENT DISTRICT COURT CLERK
WESTN. DIST. KENTUCKY

v.

NO. 5:11CR42-R
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 853

**DANIEL ERIC COPELAND**
**JACOB ALLEN JACKSON**
**EDWIN BAUTISTA**

The Grand Jury charges:

### COUNT 1

On or about August 11, 2010, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **DANIEL ERIC COPELAND**, knowingly and intentionally possessed with the intent to distribute and distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

### COUNT 2

On or about August 26, 2010, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **DANIEL ERIC COPELAND**, knowingly and intentionally possessed

with the intent to distribute and distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 3

On or about August 27, 2010, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **DANIEL ERIC COPELAND**, knowingly and intentionally possessed with the intent to distribute and distributed 5 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

COUNT 4

On or about September 17, 2010, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **EDWIN BAUTISTA**, knowingly and intentionally possessed with the intent to distribute and distributed 5 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 5

On or about March 18, 2011, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **JACOB ALLEN JACKSON**, knowingly and intentionally possessed with the intent to distribute and distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 6

On or about March 21, 2011, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **JACOB ALLEN JACKSON**, knowingly and intentionally possessed with the intent to distribute and distributed 5 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 7

On or about March 24, 2011, in the Western District of Kentucky, Graves County, Kentucky, the defendant, **JACOB ALLEN JACKSON**, knowingly and intentionally possessed

with the intent to distribute and distributed 5 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 8

Beginning on or about March 18, 2011, and continuing to on or about March 24, 2011, in the Western District of Kentucky, Graves County, the defendants, **DANIEL ERIC COPELAND** and **JACOB ALLEN JACKSON,** knowingly and intentionally conspired with each other to possess with the intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Counts 1 through 8 of this Indictment, felonies punishable by imprisonment for more than one year, the defendants, **DANIEL ERIC COPELAND, JACOB ALLEN JACKSON** and **EDWIN BAUTISTA,** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds said defendants obtained, directly or indirectly, as a result of the said offenses, and any and all of defendants' property used, or intended to be used, in any manner or part, to commit or

to facilitate the commission of the said violations alleged in Counts 1 through 8 of this Indictment.

A TRUE BILL.



FOREPERSON

_____
for DAVID J. HALE
UNITED STATES ATTORNEY

DJH:RBB:1011

UNITED STATES OF AMERICA v. **DANIEL ERIC COPELAND, et al.**

## PENALTIES

| | |
|---|---|
| Counts 1, 2 & 5: | NM 20 yrs./$1,000,000/both/NL 3 yrs. Supervised Release (each count) |
| | NM 30 yrs./$2,000,000/both/NL 6 yrs. Supervised Release (each count) |
| | (With notice of one prior felony drug conviction) |
| Counts 3, 4, 6, 7 & 8: | NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4 yrs. Supervised Release (each count) |
| | NL 10 yrs./NM Life/$8,000,000/both/NL 8 yrs. Supervised Release (each count) |
| | (With notice of one prior felony drug conviction) |

Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

Misdemeanor:  $ 25 per count/individual         Felony:  $100 per count/individual
              $125 per count/other                       $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.
   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.
3. Continuous **GARNISHMENT** may apply until your fine is paid.
   18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE: Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN: Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO: Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH: Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 5:11CR42-R

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

THE UNITED STATES OF AMERICA
vs.
DANIEL ERIC COPELAND
-------------------------------------------------

JACOB ALLEN JACKSON
-------------------------------------------------

EDWIN BAUTISTA
-------------------------------------------------

## INDICTMENT
**Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C); 841(b)(1)(B); 846:**
**Possession with the Intent to Distribute and Distribution of Methamphetamine; Conspiracy to Possess with the Intent to Distribute Methamphetamine.**

*A true bill.*



Foreman

*Filed in open court this* 11th day, *of* October, A.D. 2011.

Bail, $

FILED
OCT 1 1 2011
VANESSA L. ARMSTRONG
BY_____ DEPUTY CLERK